UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TARANGINI PERSAUD, on behalf of herself and all others similarly-situated, | **COMPLAINT** |
| Plaintiff, | |
| -against- | **Docket No.:** |
| GUCCI AMERICA, INC. and KERING AMERICA'S, INC., | |
| | Jury Trial Demanded |
| Defendants. | |

TARANGINI PERSAUD ("Plaintiff"), on behalf of herself and all others similarly-situated (collectively as "FLSA Plaintiffs," as this term is defined below), by and through her attorneys, STEVENSON MARINO LLP, as and for her Complaint against GUCCI AMERICA, INC. ("Gucci") and KERING AMERICA'S, INC. ("Kering," and together with Gucci as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements to their employees containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice

containing specific categories of accurate information upon hire, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff is a current employee that works for Defendants – an international luxury retail brand company and one of its subsidiaries – as an analyst for the time period of December 9, 2019 to present. As described below, throughout the entirety of Plaintiff's employment, Defendants intentionally misclassified her as exempt, and as a result, willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL. Specifically, despite performing non-exempt duties, Defendants required Plaintiff to work more than forty hours per workweek, but intentionally failed to compensate her at the statutorily required overtime rate of one and one-half times her regular rate of pay, for each hour that she worked per week in excess of forty.

3. Additionally, Defendants failed to provide Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of hire, as the NYLL requires.

4. Defendants' failure to pay overtime in violation of the FLSA and NYLL was not limited to Plaintiff, but also extended to all of Defendants' analysts.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff additionally brings her claims under the NYLL on behalf of herself and any FLSA Plaintiff, as that term is defined below, who opts into this action.

**JURISDICTION AND VENUE**

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Gucci was and is a New York corporation with its principal place of business located at 195 Broadway, New York, New York 10022.

10. At all relevant times herein, Kering was and is a Delaware corporation with its principle place of business located at 150 Totowa Road, Wayne, New Jersey 07470 and registered to do business in New York at 65 Bleecker Street, 2nd Floor, New York, New York 10012.

11. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, each Defendants' annual business revenue individually exceeded and exceeds $500,000, and Defendants are engaged in interstate commerce within the meaning of the FLSA, as they operate as a single business enterprise that is incorporated and headquartered in one state and that does business in several others, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former analysts who during the applicable FLSA limitations period, performed any work for Defendants and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty (40) hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty (40).

14. At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty (40), yet they purposefully and willfully chose and choose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty (40), in violation of the FLSA.

## BACKGROUND FACTS

16. Defendants are a single enterprise consisting of at least two legally distinct corporations including Gucci and its parent company, Kering. Both entities operate as a single business enterprise with related activities involving the international sales of luxury goods including clothing and accessories, with a common business purpose of selling these luxury goods to customers throughout the United States and the world. To that end, both entities share interrelated operations, a centralized control of labor relations, common members of management, and common financial control within their businesses. Moreover, Gucci and Kering share their principal places of business at 195 Broadway, New York, New York 10022 and 150 Totowa Road, Wayne, New Jersey 07470.

17. Plaintiff worked for Defendants at their 195 Broadway location as an analyst from December 9, 2019 and continues to work in this role as of the date of the commencement of this action.

18. As an analyst, Plaintiff's primary duties consisted of collecting data from various departments, populating corporate excel files, and providing information to Plaintiff's supervisor. Specifically, this process consisted of data collection of actual dollars spent by individual departments on a monthly basis and comparing it to Defendants' budget. During the monthly review process, Plaintiff was required to use invoice detail, information from accounts payable, and communication from various department heads to correct any expense allocated to an incorrect department and flag the correction for Plaintiff's supervisor's approval. Upon receiving supervisor approval, Plaintiff booked an entry to correct the flagged amounts. Plaintiff additionally provided objective reports to senior management containing this spending data for management to review,

change, and approve. Once approved, Plaintiff uploaded this information to Defendants' reporting system.

19. Throughout her employment, Defendants required Plaintiff to work, and Plaintiff did work, five days per week, starting her workday at approximately 9:00 a.m. and ending at approximately 6:00 p.m., but sometimes ending as late as 11:00 p.m., while rarely providing her with an uninterrupted break during each workday. Thus, by approximation, Defendants required Plaintiff to work, and Plaintiff did work, between approximately forty-five (45) and seventy (70) hours per week.

20. Despite primarily performing non-exempt duties, Defendants classified Plaintiff as a salaried exempt employee, paid her an annual salary, and advised Plaintiff that she was not eligible to receive overtime pay.

21. For the entirety of her employment, Defendants paid Plaintiff a flat annual salary of $70,000.00, which yields a weekly salary of $1,346.15, intended to cover only the first forty (40) hours that Plaintiff worked each week. Based on the foregoing, Plaintiff's regular hourly rate equaled $33.65 and Plaintiff's overtime hourly rate equaled $50.48.

22. Throughout her employment, Defendants did not pay Plaintiff at any rate of pay for any hours that she worked in a week in excess of forty (40).

23. By way of example only, during the week of January 20 through January 26, 2020, Defendants required Plaintiff to work, and Plaintiff did work, Monday through Friday, from 9:00 a.m. until approximately 8:00 p.m., each day without any scheduled or uninterrupted break. Thus, adding up the hours for this representative workweek, Plaintiff worked fifty-five (55) hours. For her work that week, Defendants paid Plaintiff $1,346.15, which covered only the first forty (40)

hours that she worked. Defendants did not pay Plaintiff at any rate, and thus not at her overtime rate of $50.48, for any hours that she worked in excess of forty (40) that week

24. Defendants paid Plaintiff on a bi-weekly basis.

25. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked for that week, or an accurate listing of her hours worked to be paid at the overtime or straight-time rate of pay. The wage statement that Defendants provided to Plaintiff stated that her actual hours of work equaled eighty for two weeks of work, which as previously explained is inaccurate because Plaintiff routinely worked more than forty hours in a workweek and thus more than eighty hours in a bi-weekly period.

26. Additionally, Defendants did not provide Plaintiff with a wage notice at the time of her hire that accurately contained, *inter alia*, Plaintiff's regular and overtime rates of pay as designated by the employer.

27. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

28. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

29. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

30. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty (40) in a workweek.

32. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

33. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty (40) hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

34. Defendants willfully violated the FLSA.

35. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective regular rates of pay.

36. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

37. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty (40) in a workweek.

39. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

40. As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action, worked in excess of forty (40) hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

41. Plaintiff and any FLSA Plaintiff who opts-into this action, are entitled to their overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective regular rates of pay.

42. Plaintiff and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

43. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

45. As described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

46. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish A Proper Wage Notice in Violation of the NYLL*

47. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

49. As described above, Defendants failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action, with accurate wage notices at hire containing all of the criteria required under the NYLL.

50. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

  a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

  b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service award to Plaintiff;

      h.      Designation of Plaintiff and Plaintiff's counsel as collective action representatives under the FLSA;

      i.      Pre-judgment and post-judgment interest, as provided by law; and

      j.      Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       November 18, 2020

                                Respectfully submitted,

                                STEVENSON MARINO LLP
                                *Attorneys for Plaintiff*
                                75 Maiden Lane, Suite 402
                                New York, New York 10038
                                Tel. (212) 939-7229

               By:      */s/ Jeffrey R. Maguire*
                                JEFFREY R. MAGUIRE (JM 1982)