```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                    :
TARANGINI PERSAUD, on behalf of herself and all     :
others similarly situated,                          :
                                                    :
                        Plaintiff,                  :      20-cv-9720 (LJL)
                                                    :
           -v-                                      :          ORDER
                                                    :
GUCCI AMERICA, INC. & KERING AMERICA'S,             :
INC.,                                               :
                                                    :
                        Defendants.                 :
                                                    :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/8/2021

LEWIS J. LIMAN, United States District Judge:

     The parties have filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. No. 10. The notice was not submitted pursuant to a settlement, but rather in response to Defendants' argument that the dispute was subject to arbitration between the parties. *Id.* Although notices of voluntary dismissal under Rule 41(a)(1)(A)(i) ordinarily do not require court approval, the Clerk of Court has referred this notice to the Court because plaintiffs asserted claims under the Fair Labor Standards Act ("FLSA") and, in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), the Second Circuit held that a dismissal with prejudice of a claim under Rule 41(a)(1)(A)(ii) requires the approval of the district court or the Department of Labor.

     The Court has concluded that the notice of dismissal does not require judicial approval. The Second Circuit has made clear that "[t]he holding in *Cheeks* was limited to Rule 41(a)(1)(A)(ii) dismissals with prejudice." *Mei Xing Yu v. Hasaki Restaurant, Inc.*, 944 F.3d 395, 411 (2d Cir. 2019). The context is critical to understanding the *Cheeks* holding. In the view of the Second Circuit, Congress was concerned that "'[w]ithout judicial oversight, . . . employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the Act.'" *Cheeks*, 796 F.3d at 205-06 (quoting *Socias v. Vornado Realty L.P.*, 297 F.R.D. 38, 41 (E.D.N.Y. 2014)). FLSA claims are arbitrable, *see, e.g.*, *Caccavelli v. Jetro Cash & Carry Enterps.*, 2020 WL 5752104 (E.D.N.Y. Sept. 25, 2014), and the dismissal without prejudice does not compromise Plaintiff's claims. The factors a court examines in determining the fairness of a settlement, *see Wolinsky v. Scholastic Inc.*, 900 F. Supp.2d 332, 335-36 (S.D.N.Y. 2012), are simply inapplicable in the context of a dismissal without prejudice in favor of arbitration. If and when Plaintiffs seek to refile this case and settle it in court, there will be time for a *Cheeks* review. *See generally Caccavelli*, 2020 WL 5752104 (conducting *Cheeks* review of a case settled before an arbitration decision was rendered). Until then, there is no role

for the Court.  While FLSA is an "applicable federal statute" under Rule 41(a)(1), its terms do not require approval for fairness of a dismissal without prejudice in favor of arbitration.  *See also Martinez v. Gulluoglu LLC*, 2016 WL 206474, at *3 (S.D.N.Y. Jan. 15, 2016) (stating that dismissals without prejudice "do not require court approval."); *Ortiz v. Breadroll, LLC*, 2017 WL 2079787, at *3 (S.D.N.Y. May 15, 2017) (same); *Martinez v. SJG Foods LLC*, 2017 WL 2169234, at *3 (S.D.N.Y. May 16, 2016); *but see Tlacopilco v. Chater*, 2016 WL 11707087, at *1 (S.D.N.Y. June 29, 2016) (holding, outside arbitration context, that "the logic and rationale underlying *Cheeks*" also "appl[ies] to dismissals without prejudice.").[1]

The Clerk of Court is respectfully directed to dismiss this case without prejudice.

SO ORDERED.

Dated: February 8, 2021
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[1] This case does not require the Court to address the question left open in *Cheeks* whether a dismissal without prejudice pursuant to a settlement agreement requires court approval.  *See Cheeks*, 796 F.3d at 201 n.2 (leaving "for another day" whether parties may settle cases without court approval by entering into a stipulation of dismissal without prejudice).